1 | PHILLIP A. TALBERT
United States Attorney
2 | STEPHANIE M. STOKMAN
Assistant United States Attorney
3 | 2500 Tulare Street, Suite 4401
Fresno, CA 93721
4 | Telephone:   (559) 497-4000
Facsimile:    (559) 497-4099
5 |
Attorneys for Plaintiff
6 | United States of America

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,                     CASE NO.  1:22-CR-00112-ADA-BAM

                            Plaintiff,           STIPULATION REGARDING EXCLUDABLE
12 |                                              TIME PERIODS UNDER SPEEDY TRIAL ACT;
                    v.                            FINDINGS AND ORDER
13 |
        MALIK DAVIS,                              DATE: January 25, 2023
14 |    DAVID ROCHA, Jr., and                     TIME: 1:00 p.m.
        KEVIN LOERA,                              COURT: Hon. Barbara A. McAuliffe
15 |
                            Defendants.
16 |

17

        This case is set for status conference on January 25, 2023.  On May 13, 2020, this Court issued

18 | General Order 618, which suspends all jury trials in the Eastern District of California "until further

19 | notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20 | U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21 | judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22 | May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23 | were entered to address public health concerns related to COVID-19.

24 |         Although the General Orders and declarations of emergency address the district-wide health

25 | concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26

27 | _____

28 |        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                    1
PERIODS UNDER SPEEDY TRIAL ACT

"counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D.

1   for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2   pretrial continuance must be "specifically limited in time").

3                                              **STIPULATION**

4          Plaintiff United States of America, by and through its counsel of record, and defendants, by and

5   through defendants' counsel of record, hereby stipulate as follows:

6          1.      By previous order, this matter was set for status on January 25, 2023.

7          2.      By this stipulation, defendants now move to continue the status conference until April 26,

8   2023, and to exclude time between January 25, 2023, and April 26, 2023, under 18 U.S.C.

9   § 3161(h)(7)(A), B(iv) [Local Code T4].

10         3.      The parties agree and stipulate, and request that the Court find the following:

11                 a)      The government has represented that the discovery associated with this case

12         includes reports, photographs, and audio files. All of this discovery has been either produced

13         directly to counsel and/or made available for inspection and copying.

14                 b)      Counsel for defendants desire additional time to further review discovery, discuss

15         potential resolution with his client and the government, and investigate and prepare for trial.

16                 c)      Counsel for defendants believe that failure to grant the above-requested

17         continuance would deny him/her the reasonable time necessary for effective preparation, taking

18         into account the exercise of due diligence.

19                 d)      The government does not object to the continuance.

20                 e)      Based on the above-stated findings, the ends of justice served by continuing the

21         case as requested outweigh the interest of the public and the defendant in a trial within the

22         original date prescribed by the Speedy Trial Act.

23                 f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

24         et seq., within which trial must commence, the time period of January 25, 2023 to April 26,

25         2023, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code

26         T4] because it results from a continuance granted by the Court at defendants' request on the basis

27         of the Court's finding that the ends of justice served by taking such action outweigh the best

28   _____

Cal. March 18, 2020).

interest of the public and the defendants in a speedy trial.

g)      The parties also agree that this continuance is necessary for several reasons, including but not limited to, the need to permit time for the parties to exchange supplemental discovery, engage in plea negotiations, and for the defense to continue its investigation and preparation, pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  January 17, 2023                        PHILLIP A. TALBERT
                                                United States Attorney


                                                /s/ STEPHANIE M. STOKMAN
                                                STEPHANIE M. STOKMAN
                                                Assistant United States Attorney


Dated:  January 17, 2023                        /s/ CARRIE MCCREARY
                                                CARRIE MCCREARY
                                                Counsel for Defendant
                                                David Rocha, Jr.


Dated:  January 17, 2023                        /s/ GRIFFIN ESTES
                                                GRIFFIN ESTES
                                                Counsel for Defendant
                                                Malik Davis


Dated:  January 17, 2023                        /s/ ROBERT LAMANUZZI
                                                ROBERT LAMANUZZI
                                                Counsel for Defendant
                                                Kevin Loera

## <u>ORDER</u>

IT IS SO ORDERED that the status conference is continued from January 25, 2023, to **April 26, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **January 19, 2023**             ___/s/ *Barbara A. McAuliffe*___
                                               UNITED STATES MAGISTRATE JUDGE